UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
Case No.:

DESIREE OTERO-RAMOS,  )
                      )
    Plaintiff,        )
                      )
v.                    )
                      )
SERVICE FINANCE COMPANY, LLC, )
                      )
    Defendant.        )
_____)

## COMPLAINT

Plaintiff DESIREE OTERO-RAMOS ("Plaintiff") sues defendant SERVICE FINANCE COMPANY, LLC ("Defendant") and alleges as follows:

### NATURE OF ACTION

1. This action involves the application of the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq*. ("FMLA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760 et seq. ("FCRA").

### JURISDICTION AND VENUE

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(3) and (4) and 28 U.S.C. § 2617.

3. Venue is proper under 28 U.S.C. § 1391(b) because the acts complained of occurred within this judicial district and because Defendant has its principal place of business within the district, resides in the judicial district, and because the employment records of Plaintiff are stored or have been administered in Palm Beach County.

4. Plaintiff also invokes the supplemental jurisdiction of this Court to hear and decide claims arising under the laws of the State of Florida that are so related to claims in the action within the original jurisdiction of this district Court that they form part of the same case or controversy under Article III of the United States Constitution. In particular, Plaintiff is bringing claims under the FCRA.

## PARTIES

5. At all times material, Plaintiff was and is a resident of Palm Beach County, Florida.

6. At all times material, Defendant was a Florida Corporation, having its main place of business in Palm Beach County, Florida.

7. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. § 2611(2)(A); and an "aggrieved person" as defined by Fla. Stat. § 760.02(10).

8. At all times material, Defendant was an "employer" as defined by the FMLA, 29 U.S.C. § 2611(4) and Fla. Stat. § 760.02(7).

9. Plaintiff has retained the undersigned counsel in order that her rights and interests may be protected. Plaintiff has become obligated to pay the undersigned a reasonable attorneys' fee.

## GENERAL ALLEGATIONS

10. At all times material, Plaintiff was employed by Defendant as a call center representative from on or about October 16, 2017, until her constructive discharge on or about December 28, 2018.

2

11. Plaintiff performed her work admirably and was revered by her colleagues with whom she worked.

12. In or about August of 2018, Plaintiff was diagnosed with osteosarcoma cancer.

13. In or about August of 2018, Plaintiff informed her supervisor of her diagnosis, and that she needed to take leave in order to have surgery to remove a malignant tumor and then to undergo chemotherapy.

14. On or about December 6, 2018, Defendant's Human Resources Manager, Monica Buzek ("Buzek"), told Plaintiff that as of November 13, 2018, Plaintiff exhausted the amount of FMLA coverage allowed. Buzek also stated that if she did not hear back from Plaintiff, then she will assume Plaintiff abandoned her position and that her employment would therefore be terminated.

15. On or about December 6, 2018, Plaintiff's doctor wrote to Defendant, recommending Plaintiff return to work under certain accommodating conditions, to wit, working part-time, and be given a separate office and handicap parking spot.

16. On or about December 7, 2018, Plaintiff formally requested such reasonable accommodations from Buzek.

17. In or about December of 2018, Plaintiff complained to Buzek of unfair treatment due to her disability.

18. On or about December 28, 2018, Buzek notified Plaintiff that Defendant would be "unable to accommodate [her] request" and that her insurance would cease at the end of the month. Buzek also notified Plaintiff that she could reapply for her position when she was "able to come back at full duty."

19. Plaintiff was scheduled to undergo an additional surgery on January 2, 2019.

3

## COUNT I: VIOLATION OF THE FMLA – RETALIATION

20. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

21. Plaintiff's medical condition was sufficiently severe that she was entitled to take leave pursuant to the FMLA.

22. In or about August of 2018, Plaintiff requested to take FMLA leave.

23. Plaintiff took FMLA leave starting in or about August of 2018.

24. Notifying Defendant of her serious health condition, of her need for hospitalization, of her need for leave to recover from hospitalization, and the need for additional leave for surgery, satisfy the notice requirements of the FMLA for employees.

25. Defendant terminated Plaintiff immediately after Plaintiff requested and then took FMLA leave.

26. Defendant terminated Plaintiff because she requested or took FMLA leave as described above.

27. The termination was due, in whole or in part, because Plaintiff requested FMLA leave.

28. As a direct and proximate result of the intentional violations by Defendant of Plaintiff's rights under the FMLA, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FMLA;

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity;

C. Award Plaintiff liquidated damages based on Defendant's conduct;

4

D.  Order reinstatement;

E.  Award Plaintiff prejudgment interest on her damages award;

F.  Award Plaintiff reasonable costs and attorney's fees;

G.  Award Plaintiff any further relief pursuant to the FMLA; and,

H.  Grant Plaintiff such other and further relief, as deemed equitable and just.

## COUNT II: VIOLATION OF THE FCRA – DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE

29. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

30. Plaintiff's osteosarcoma cancer qualifies as a disability.

31. The accommodations requested by Plaintiff were reasonable.

32. At all times material, Defendant was aware of Plaintiff's disability conditions.

33. Plaintiff was discriminated, not accommodated, and terminated because of her disability and/or Defendant's perception of such disability in violation of the FCRA, and because of such actions by Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

34. The unlawful employment practices complained of herein and the actions of Defendant and its agents were willful, wanton, intentional, and done with malice or with reckless indifference to Plaintiff's statutorily protected employment rights.

35. Non-disabled employees were not terminated, and Plaintiff was terminated on the basis of her disability.

36. Defendant thereby discriminated against Plaintiff in the terms, conditions and benefits of her employment in violation of the FCRA.

5

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800   Telephone: 305.503.5131
Aventura, Florida 33180   Facsimile: 888.270.5549

37. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

A. Declare that the acts complained of herein are in violation of the FCRA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Grant such other and further relief, as the Court deems just and proper.

**COUNT III: VIOLATION OF THE FCRA –
DISABILITY DISCRIMINATION, TERMINATION**

38. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

39. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992, Fla. Stat. § 760.10 *et seq.*, which states, in part, that it is an unlawful

6

employment practice for an employer: "To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin, age, handicap, or marital status."

40. Plaintiff is a member of protected classes of disabled citizens.

41. Plaintiff was and is qualified for her position while working for Defendant.

42. During the course of Plaintiff's employment with Defendant, Plaintiff has been subjected to a discriminatory and hostile work environment because of her disability, as more fully described in paragraphs 10-19 of this Complaint, and because of such actions by the Defendant, Plaintiff has suffered both irreparable injury and compensable damages unless and until this Court grants relief.

43. Defendant violated the FCRA by discriminating against Plaintiff because of her disability in the terms, conditions, and privileges of her employment.

44. The discriminatory conduct referred to in paragraphs 10-19 of this Complaint is and was offensive to Plaintiff and would be offensive to a reasonable person.

45. Plaintiff was subjected to the conduct referred to in this Complaint – and ultimately terminated – because of her disability.

46. Similarly situated employees who are not disabled were not subjected to the conduct described and referred to in paragraphs 10-19 of this Complaint.

47. Defendant thereby discriminated against Plaintiff in the terms, conditions, and benefits of her employment in violation of the FCRA.

7

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800         Telephone: 305.503.5131
Aventura, Florida 33180                 Facsimile: 888.270.5549

48. As a direct and proximate result of Defendant's intentional conduct, Plaintiff has suffered, is now suffering, and will continue to suffer emotional distress, humiliation, embarrassment, and economic losses.

49. As a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

50. Any alleged nondiscriminatory reason for this treatment of Plaintiff by the Defendant is a mere pretext for the actual reason for discriminating against her based on her disability.

51. Defendant's actions were malicious and were recklessly indifferent to Plaintiff's rights pursuant to Fla. Stat. § 760.10.

52. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

A. Declare that the acts complained of herein are in violation of the FCRA;

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

8

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800          Telephone: 305.503.5131
Aventura, Florida 33180                  Facsimile: 888.270.5549

F.  Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G.  Grant such other and further relief, as the Court deems just and proper.

### COUNT IV: VIOLATION OF THE FCRA – DISABILITY RETALIATION

53. Plaintiff repeats and re-alleges paragraphs 1-19 as if fully stated herein.

54. At all times material, Defendant was aware of Plaintiff's disability conditions.

55. At all times material to this action, Defendant engaged in unlawful retaliation against Plaintiff on account of her disability, and/or perceived disability, in violation of the FCRA. Defendant retaliated against Plaintiff discharging her because she complained about unfair treatment.

56. Defendant's termination of Plaintiff was motivated by an intent to retaliate against Plaintiff for her protected activity under the FCRA.

57. Defendant willfully violated the FCRA or acted with reckless disregard for whether its actions were prohibited.

58. As a direct and proximate result of the intentional violations by Defendant, Plaintiff has suffered, is suffering, and will continue to suffer, emotional pain and mental anguish. Furthermore, as a direct and proximate result of such actions by Defendant, Plaintiff has been, is being, and will be in the future, deprived of income in the form of wages and of prospective benefits solely because of Defendant's conduct.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

A.  Declare that the acts complained of herein are in violation of the FCRA;

9

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Suite 800       Telephone: 305.503.5131
Aventura, Florida 33180               Facsimile: 888.270.5549

B. Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

C. Award Plaintiff actual damages suffered, including lost wages and loss of fringe benefits;

D. Award Plaintiff compensatory damages for past, present, and future mental anguish, pain and suffering, and humiliation caused by Defendant's intentional discrimination, according to proof;

E. Award punitive damages, according to proof;

F. Award Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by the FCRA; and

G. Grant such other and further relief, as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff DESIREE OTERO-RAMOS requests a trial by jury on all issues so triable.

Dated: October 28, 2019.                    Respectfully submitted,

By: /s/ R. Martin Saenz
R. Martin Saenz, Esquire
Fla. Bar No.: 640166
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549