UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-61207-CIV-SMITH

DESIREE OTERO-RAMOS,

    Plaintiff,

v.

SERVICE FINANCE COMPANY, LLC,

    Defendant.

_____/

**ORDER GRANTING MOTION TO COMPEL ARBITRATION**

This matter is before the Court on Defendant's Motion to Compel Arbitration [DE 6]. The Court has carefully reviewed the Motion, Plaintiff's Response [10], Defendant's Reply [11], all supporting and opposing submissions, the relevant case law, and the record as a whole. Upon consideration, the Motion [DE 6] is granted.

Plaintiff Desiree Otero-Ramos brings suit against her former employer, Defendant Service Finance Company, LLC, for alleged violations of the Family Medical Leave Act of 1993 ("FMLA") and the Florida Civil Rights Act of 1992 ("FCRA"). Defendant moves to compel arbitration, citing an "Employee Confidential Information and Invention Assignment Agreement" that Plaintiff signed which included the following clause in part:

> (a) Arbitration. In order to obtain the many benefits of arbitration over court proceedings, including speed of resolution, lower costs and fees and more flexible rules of evidence, I agree that all disputes (except those relating to unemployment compensation or workers compensation and except as provided in Section 8(b) below) arising out of my employment or concerning the interpretation of this Agreement or its subject matter (including without limitation those relating to workplace discrimination and/or harassment on any basis, whatsoever, including but not limited to age, race, sex, religion, national origin, disability or perceived disability, as well as any claimed violation of any federal, state or local law,

1

> regulation or ordinance, such as Title VII of the Civil Rights Act, the Age Discrimination in Employment Act, the Americans with Disabilities Act and their state and local counterparts, if any, including but not limited to any claims of retaliation thereunder) shall be resolved exclusively by binding arbitration at a location in reasonable proximity to my last place of employment with the Company, pursuant to the National Rules for the Resolution of Employment Disputes of the American Arbitration Association. The parties expressly waive their rights to have any such claim resolved by jury trial.

(DE 6-1 at 7.)

Pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1 (2002), *et seq.*, courts must consider three factors in ruling on a motion to compel arbitration of a given dispute: whether (1) a valid written arbitration agreement exists; (2) an arbitrable issue exists; and (3) the right to arbitrate was waived. *See Integrated Sec. Servs. v. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). All three factors are met here. There is a valid and enforceable arbitration agreement between both parties, signed by both parties. (DE 6-1 at 9.) Arbitrable issues exists as to Plaintiff's claims brought under the FMLA and the FCRA. And, the right to arbitrate has not been waived.

In her Response, Plaintiff disputes the first factor (existence of a valid arbitration agreement) and argues that she does not recall signing any document regarding arbitration; that she is not familiar with the meaning of "arbitration;" that she was not told anything about arbitration when she allegedly signed the document; and did not know what arbitration was until Defendant filed its Motion. Plaintiff submitted an affidavit to its Response swearing to these statements, though concedes that she did in fact sign the contract at issue. Plaintiff maintains that her affidavit "places the validity and enforceability of the arbitration agreement at issue" and requests an evidentiary hearing on the issues, citing to the case *Rodero v. Signal Fin. Co. LLC*, 365 F. Supp. 3d 1263, 1266 (S.D. Fla. 2018).

Plaintiff's arguments are unpersuasive. It is well-settled that "[n]o party to a written contract in this state can defend against its enforcement on the sole ground that he signed it without

2

reading it." "Florida law has long held that a party to a contract is 'conclusively presumed to know and understand the contents, terms, and conditions of the contract.'" *Transworld Grp. Ltd. v. Affordable Bio Feedstock, Inc.*, No. 610CV1467ORL31KRS, 2011 WL 13298704, at *4 (M.D. Fla. June 27, 2011) (quoting *Stonebraker v. Reliance Life Ins. Co. of Pittsburgh*, 123 Fla. 244, 245 (1936)). Further, a limited ability to understand the document does not mean there was no meeting of the minds in the legal sense. *See Spring Lake NC, LLC v. Holloway*, 110 So. 3d 916, 917 (Fla. 2d DCA 2013). In other words, Plaintiff's claim that she did not understand what she was signing does not negate the existence of a contract and, therefore, the existence of a valid arbitration agreement. Moreover, the facts of the *Rodero* case cited by Plaintiff are distinguishable; there, the plaintiffs swore that the arbitration agreements contained forged signatures consistent with the defendants' practice of forging signatures. Here, Plaintiff does not deny in her affidavit that she signed the agreement, but merely contends that she did not understand what she was signing. As such, the Court finds that there are no issues of material fact in dispute as to whether a valid arbitration agreement exists, and thus an evidentiary hearing is unnecessary.

Accordingly, it is

**ORDERED** as follows:

1. Defendant's Motion to Compel Arbitration [DE 6] is **GRANTED**.

2. The parties must submit to arbitration all claims asserted in this matter in accordance with the Arbitration Agreement within sixty (60) days of the date of this Order.

3. This case is **DISMISSED**. All pending motions are **DENIED AS MOOT**, and any

pending deadlines are **TERMINATED**. This case is **CLOSED**.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of May, 2020.

RODNEY SMITH
UNITED STATES DISTRICT JUDGE